IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff.<br><br>v.<br><br>KENSEY FITZGERALD ROSS ,<br><br>    Defendant. | No.03cr10042<br>Hon. Joe Billy McDade<br>United States District Judge,<br>Presiding |

**MOTION TO WITHDRAW AS COUNSEL**

NOW COMES court-appointed counsel for Defendant KENSEY FITZGERALD ROSS, Federal Public Defender Richard H. Parsons, First Assistant Federal Public Defender Jonathan E. Hawley, and Staff Attorney William C. Zukosky, and moves this Honorable Court for an Order allowing counsel to withdraw, and in support state as follows:

1. Pursuant to Administrative Order 08-U-0005, this Court appointed counsel to represent the Defendant on his request for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline.

2. Undersigned counsel has thoroughly reviewed the Defendant's case, has conducted extensive and continuing research, and has concluded that Defendant is ineligible for a sentence reduction for the following reasons.

3. On July 22, 1997 Defendant pled guilty pursuant to a Plea Agreement to one count of possession of less than 5 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The offense carried a statutory penalty of up to 20 years imprisonment.

1

4. The Revised Presentence Report (PSR) dated August 4, 2003 reported Defendant accountable for 6 ounces of crack cocaine, 14 kilograms of powder cocaine, and 350 grams of heroin. Together, these quantities of drugs converted into 6,552 kilograms of marijuana equivalency, for a Base Offense Level of 34 pursuant to (then) U.S.S.G. § 2D1.1(c)(3) (at least 3,000 kilograms but less than 10,000 kilograms of marijuana). The PSR reported that since the Defendant had two prior felony convictions that were crimes of violence, however, he was considered a Career Offender, with a Career Offender Offense Level of 32 under U.S.S.G. § 4B1.1. But since Defendant's offense level under U.S.S.G. § 2D1.1 was greater at 34, that offense level applied in this case pursuant to § 4B1.1. The PSR further reported a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, for a Total Offense Level of 31.

5. With a mandatory Criminal History Category of VI under U.S.S.G. § 4B1.1(b) because Defendant was considered a Career Offender, the PSR reported a guideline imprisonment range of 188 months to 235 months. (PSR at pars. 15, 21-31, 40, 67 and 68). At sentencing on August 15, 2003 this Court adopted the factual findings and guideline applications in the PSR as its own (Statement of Reasons).

6. On August 18, 2003 this Court entered Judgment and Conviction sentencing Defendant to a total term of 188 months, being at the low end of the applicable guideline range.

7. On October 8, 2004 this Court entered an Amended Judgment and Conviction reducing Defendant's sentence from 188 months to 103 months imprisonment upon motion of the Government under Rule 35(b) based on Defendant's post-sentencing substantial assistance.

8. 18 U.S.C. § 3582(c)(2) provides that in the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the

Sentencing Commission, the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

9. Effective November 1, 2007, Amendment 706 to the United States Sentencing Guidelines reduced the base offense level for most cocaine base (crack) offenses. U.S.S.G. § 2D1.1(c) (Nov. 1, 2007). Amendment 711 modified the procedure for determining the combined base offense level in offenses involving a combination of crack and other controlled substances. U.S.S.G. § 2D1.1, comment n.10(D) (Nov. 1, 2007).

10. Effective March 3, 2008 the Sentencing Commission promulgated an amendment to U.S.S.G. § 1B1.10, and designated Amendments 706 and 711 as amendments that may be applied retroactively. U.S.S.G. § 1B1.10. p.s. *See* Supplement to the 2007 Guidelines Manual (March 3, 2008) and (May 1, 2008).

11. Subsequently, in order to remedy a sentencing anomaly created under Amendment 711 whereby some offenders were not receiving the benefit of the 2-level reduction, effective May 1, 2008 the Sentencing Commission promulgated Amendment 715. This Amendment has once again revised the manner in which combined offense levels are determined in cases involving crack cocaine and one or more other controlled substances, and modifies the Drug Equivalency Tables to provide that 1 gram of crack cocaine equals 20 kilograms of marijuana. U.S.S.G. § 2D1.1, comment n.10(D) & (E). *See* Supplement to the 2007 Guidelines Manual (May 1, 2008).

12. U.S.S.G. § 1B1.10(c) has also been amended to designate Amendment 715 as an amendment that may be applied retroactively effective May 1, 2008. *See* Supplement to the 2007

Guidelines Manual (May 1, 2008).

    13. Based upon undersigned counsel's calculations and pursuant to the above amendments as effective May 1, 2008, Defendant's Combined Base Offense Level is now determined as follows:

    a) The combined offense level is first determined as provided in Application Note 10(B). In this case, 6 ounces (170.1 grams) of crack cocaine equate to 3,402 kilograms of marijuana (1 gram of crack = 20 kilograms of marijuana), 14 kilograms of powder cocaine equate to 2,800 kilograms of marijuana (1 gram of powder cocaine = 200 grams of marijuana), and 350 grams of heroin equate to 350 kilograms of marijuana (1 gram of heroin = 1 kilogram of marijuana). When added together, these drug quantities equate to 6,552 kilograms of marijuana, for a combined offense level of **34.** U.S.S.G. 2D1.1(c)(3) (Nov. 2007)(at least 3,000 kilograms but less than 10,000 kilograms of marijuana);

    b) That combined offense level is then reduced 2 levels to a combined offense level of **32**;

    c) Determine if an exception to the 2-level reduction applies as listed in amended Application Note 10(D)(ii). In this case, one of the exceptions *does apply* since the combined offense level of **32** for all drug types after the 2-level reduction *is less than* the combined offense level of **34** for the controlled substances other than the crack cocaine in this case (14 kilograms of powder cocaine and 350 grams of heroin, or 3,150 kilograms of marijuana equivalency). U.S.S.G. § 2D1.1(c)(3) (Nov. 2007) (at least 3,000 kilograms but less than 10,000 kilograms of marijuana); U.S.S.G. § 2D1.1, comment n. 10(D)(ii). Supplement to the 2007 Guidelines (May 1, 2008).

    14. As such, the 2-level reduction under the retroactive amendments to the crack cocaine guidelines shall not apply in this case, and Defendant's Combined Base Offense Level for the three

drugs remains at **34**. With all other guideline application decisions as determined by this Court left unaffected pursuant to U.S.S.G. § 1B1.10(b)(1), Defendant's Total Offense Level likewise remains at **31**, his Criminal History Category remains at VI, and the applicable guideline imprisonment range of **188 to 235 months** as determined by this Court at sentencing is the same and remains unchanged under both the former and amended crack cocaine guidelines. The amendment does not therefore have the effect of lowering Defendant's applicable guideline range.

15. Amended U.S.S.G. § 1B1.10(a)(2)(B) provides that, "A reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Application Note 1(A) likewise provides that eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment that lowers the applicable guideline range. U.S.S.G. § 1B1.10, comment n. 1(A).

16. In the opinion of undersigned counsel, therefore, any reduction in the Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2) and would be inconsistent with U.S.S.G. § 1B1.10(a)(2)(B).

17. Because undersigned counsel has concluded that Defendant is ineligible, court-appointed counsel cannot file an amended petition on Defendant's behalf, and respectfully request that they be allowed to withdraw as counsel and that Defendant be allowed to proceed in this matter *pro se*.

18. Defendant, 42 years old, is imprisoned at FCI Pekin, Federal Correctional Institution P.O. Box 5000, Pekin, Illinois, 61555. His current release date based on the Bureau of Prisons' website is May 14, 2009.

WHEREFORE, court-appointed counsel respectfully request that this Honorable Court enter an order allowing counsel to withdraw and allowing the Defendant to proceed *pro se*.

> Respectfully Submitted,
> KENSEY F. ROSS, Defendant
>
> RICHARD H. PARSONS
> Federal Public Defender
>
> JONATHAN E. HAWLEY
> First Assistant FPD
>
> BY:    s/ William C. Zukosky
> _____
> WILLIAM C. ZUKOSKY
> Attorney for Defendant
> Staff Attorney
> ARDC Reg. No. 3121844
> 300 Main Street
> Urbana, Illinois 61801
> Phone: (217) 373-0666
> Fax: (217) 373-0667
> E-mail: william_zukosky@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Bradley W. Murphy.

> s/ William C. Zukosky
> _____
> WILLIAM C. ZUKOSKY
> Attorney for Defendant
> Staff Attorney
> ARDC Reg. No. 3121844
> Federal Public Defender's Office
> 300 Main Street, Urbana, Illinois 61801
> Phone: (217) 373-0666
> Fax: (217) 373-0667
> E-mail: william_zukosky@fd.org