## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-10042 |
| ) | |
| KENSEY FITZGERALD ROSS, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

On January 18, 2008, Defendant filed a Motion to Reduce Sentence (Doc. 14) based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Court appointed the Federal Defender's Office to represent Defendant in this matter. On July 1, 2008, the Federal Defender's Office filed a Motion to Withdraw as Counsel (Doc. 19) because Defendant was sentenced as a career offender having two prior felony convictions that were crimes of violence and his applicable guideline sentencing range remains the same under both the original and amended crack cocaine guideline.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the

operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10 comment. n. [1(A)].

The Defendant was sentenced by this Court on August 15, 2003, to a sentence of 188 months which was reduced to 103 months on October 1, 2004, pursuant to a Rule 35 motion.

Therefore, the Deputy Federal Defender's Motion to Withdraw as Counsel (Doc. 19) is GRANTED. Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than September 3, 2008, a pleading that either (a) concedes that the Amendment does not apply because his sentence was imposed pursuant to the applicable Career Offender guideline, or (b) explains why the Amendment applies in spite of the sentence to the Career Offender guideline.

ENTERED this  1st  day of August, 2008.

                              s/Joe B. McDade
                              JOE BILLY McDADE
                             United States District Judge